IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| BRANCH BANKING AND TRUST COMPANY, etc., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CIVIL ACTION 16-0033-WS-M ) |
| JAMES P. TRAMMEL, *et al.*, | ) ) ) |
| Defendants. | ) |

**ORDER**

This matter comes before the Court on Plaintiff's Motion to Dismiss Count III of the Complaint and Dismiss Prowler Supply, Inc. as Party Defendant (doc. 50) pursuant to Rule 41(a)(2), Fed.R.Civ.P.  By Order (doc. 51) entered on December 28, 2016, the undersigned afforded all affected parties an opportunity to be heard.  The deadline for responses having expired, the Rule 41(a)(2) Motion is now properly taken under submission.

The purpose of plaintiff's Motion is to tie up the last two loose ends in this litigation.  After all, the Court previously entered an Order (doc. 47) and Judgment (doc. 48) resolving the lion's share of the claims presented by awarding judgment in favor of plaintiff and against defendants James P. Trammel and CTT Properties, LLC, in the amount of $380,087.34.  Those rulings left unresolved Count III, a claim for rents brought by plaintiff against defendant Tire Centers, LLC, and any claims that plaintiff may have outstanding against defendant Prowler Supply, Inc.  In the Motion to Dismiss, plaintiff seeks the voluntary dismissal without prejudice of both Count III against Tire Centers and any residual claims against Prowler Supply.

Despite a reasonable opportunity to be heard, no party filed a response in opposition to the Motion to Dismiss.  Nonetheless, Tire Centers did file a Response (doc. 52) in which it asks that this Court, as a condition of granting dismissal, expressly retain jurisdiction over this matter indefinitely.  As grounds for this request, Tire Centers points to an Order (doc. 28) dated April 5, 2016, in which the Court granted plaintiff's unopposed Motion for Rents (doc. 20) and directed Tire Centers to make future rent payments directly to BB&T.  Tire Centers reasons that retention of jurisdiction is "necessary to allow the Court to interpret, modify or enforce that Order to

address future developments related to the rental payment obligations of TCi in its continued leasing of the premises at issue." (Doc. 52, at 2.)  The Court finds that imposing such a condition on the voluntary dismissal requested by BB&T is inappropriate.  After all, BB&T has not requested – and this Court is not entering – a final judgment imposing a permanent injunction on Tire Centers vis a vis its rent payment obligations.  BB&T has not sought entry of a final judgment against Tire Centers, but rather asks to have its lone claim against Tire Centers (Count III, in which the relief sought is that "this Court order Tire Centers to pay all future rents, income and profits from the Property directly to BB&T" (doc. 1, at 11)) dismissed without prejudice.  Under the circumstances, it would make little sense to retain jurisdiction over this terminated case to enforce an interlocutory order that is not being reduced to judgment.[1]

For all of the foregoing reasons, in the interest of justice, the Court **grants** Plaintiff's Motion to Dismiss Count III of the Complaint and Dismiss Prowler Supply, Inc. as a Party Defendant (doc. 50), pursuant to Rule 41(a)(2), Fed.R.Civ.P.  Count III of the Complaint is **dismissed without prejudice**, with each of plaintiff and defendant Tire Centers, LLC, to bear its own costs, expenses, and attorney's fees on that cause of action.  Likewise, any claims asserted in this action against defendant Prowler Supply, Inc., f/k/a Lynn Strickland Sales & Services, Inc. are **dismissed without prejudice**, each party to bear its own costs, expenses and attorney's fees on that cause of action.

Because this Order and the accompanying Final Judgment resolve all issues joined in this action as to all parties, the Clerk's Office is **directed** to close this file for statistical and administrative purposes.

DONE and ORDERED this 10th day of January, 2017.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Moreover, it bears emphasis that the April 5 Order was unopposed; indeed, three of the four defendants expressly stated they had no objection.  The fourth (Tire Centers) took no position on the matter, a stance which the April 5 Order observed was "eminently sensible.  After all, Tire Centers is the lessee at 1155 Telegraph Road, with a contractual obligation to pay rents on a regular basis, so it is of course willing to direct those rent payments wherever the Court directs." (Doc. 28, at 2.)  At no time following entry of the April 5 Order has any party or non-party objected, identified any issues or concerns with the form and contents of that order, or otherwise intimated any latent problems with its terms or enforcement.